IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

|  |  |  |
|---|---|---|
| JUAN H. LOPEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-CV-05054-WJE |
| | ) | |
| LELAND DUDEK, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Juan H. Lopez seeks judicial review[1] of a final administrative decision of the Acting Commissioner of Social Security ("Acting Commissioner") denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), 42 U.S.C. §§ 401–434. For the reasons that follow, the Court reverses and remands the decision of the Acting Commissioner for further consideration and development of the record.

### I. Background

Mr. Lopez protectively filed a claim for DIB on September 7, 2021, alleging a disability onset date of October 1, 2020. (AR 233-241). His claim was initially denied on December 10, 2021, and again upon reconsideration on June 3, 2022. (*Id.* 144-148, 158-162). He filed a written request for a hearing which was held on June 6, 2023. (*Id.* 88-119).

On October 4, 2023, the ALJ denied Mr. Lopez's claim. (*Id.* 17-36). The ALJ determined that although Mr. Lopez had severe impairments, none of them met or exceeded a listed impairment. (*Id.* 26). The ALJ also determined that Mr. Lopez had an RFC to perform light work,

---

[1] With the consent of the parties, this case was assigned to the Chief United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(c).

with the following limitations:

> [T]he claimant can lift and carry 20 pounds occasionally and 10 pounds frequently. He can sit for 6 hours and stand or walk for 6 hours in an 8-hour workday. He can never crawl or climb ladders, ropes, or scaffolds. He can frequently climb ramps and stairs and balance. He can occasionally stoop, kneel, and crouch. The claimant can frequently reach overhead with the left upper extremity. He can tolerate occasional exposure to vibration but cannot work around hazards, such as unprotected heights or uncovered moving machinery.

(*Id.*). During the hearing, the ALJ asked a vocational expert ("VE") whether a hypothetical individual with the RFC identified above would be capable of working. (*Id.* 112-113). The VE testified that such an individual could perform Mr. Lopez's past relevant work in automobile sales but would be precluded from the balance of the past work. (*Id.* 113).

Following the ALJ's decision, Mr. Lopez filed an appeal with the Appeals Council. (*Id.* 231-232). The Appeals Council denied his request for review, leaving the ALJ's decision as the final decision of the Acting Commissioner. (*Id.* 1-8). Because Mr. Lopez has exhausted all administrative remedies, judicial review is now appropriate under 42 U.S.C. §§ 405(g).

## II. Disability Determination and the Burden of Proof

The burden of establishing a disability as defined by the SSA in 42 U.S.C. §§ 423(d) rests on the claimant. *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007). The SSA has established a five-step, sequential evaluation process for appraising whether a claimant is disabled and benefit-eligible. 20 C.F.R. §§ 404.1520, 416.920; *see also Sloan v. Saul*, 933 F.3d 946, 949 (8th Cir. 2019). The Commissioner must evaluate:

(1) whether the claimant is presently engaged in a substantial gainful activity;
(2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities;
(3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations;
(4) whether the claimant has the residual functional capacity to perform his or her past relevant work; and
(5) if the claimant cannot perform the past work, the burden shifts to the

>     Commissioner to prove that there are other jobs in the national economy that
>     the claimant can perform.

*Dixon v. Barnhart*, 353 F.3d 602, 605 (8th Cir. 2003) (citation omitted); *see also Perks v. Astrue*, 687 F.3d 1086, 1091-92 (8th Cir. 2012) (citation omitted).

### III. Standard of Review

The Eighth Circuit requires the reviewing court to "determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole." *Baker v. Barnhart*, 457 F.3d 882, 892 (8th Cir. 2006) (quotation omitted). "Substantial evidence is less than a preponderance [of the evidence]," in that it merely requires that a reasonable person find the evidence adequate to support the Commissioner's decision. *Id.* (quotation omitted); *see also Cox v. Barnhart*, 345 F.3d 606, 608 (8th Cir. 2003).

The reviewing court must find deficiencies that significantly undermine the ALJ's determination to reverse and remand. *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue,* 646 F.3d 549, 556 (8th Cir. 2011). Significant inaccuracies or incomplete analyses in the ALJ's opinion may, however, serve as a basis for reversal. *Draper*, 425 F.3d at 1130 ("While a deficiency in opinion-writing is not a sufficient reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand." (quotation omitted)).

## IV. Discussion

Mr. Lopez contends that the physical RFC is not supported by substantial evidence because the ALJ relied on outdated State agency consultants' opinions and non-existent inconsistencies in the record. (Doc. 8 at 7). The Acting Commissioner argues that substantial evidence supports the ALJ's decision. (Doc. 12 at 11). For the reasons set for below, the Court finds that the physical RFC is not supported by substantial evidence.

**A. The State agency consultants' opinions do not constitute substantial evidence.**

Mr. Lopez argues that the ALJ erred in relying on outdated State agency medical consultants' opinions when assessing the RFC. (Doc. 8 at 8-12). The Acting Commissioner contends that substantial evidence supports the RFC. (Doc. 12 at 1-5). The Court finds that the State agency consultants' opinions do not constitute substantial evidence.

The RFC is "the most a claimant can still do despite his or her physical or mental limitations." *Hensley v. Colvin*, 829 F.3d 926, 931 (8th Cir. 2016) (internal quotations omitted). "The Commissioner must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of her limitations." *Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) (citing *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000)). "[T]he RFC determination is a 'medical question,' that 'must be supported by some medical evidence of [the claimant's] ability to function in the workplace." *Noerper v. Saul*, 964 F.3d 738, 744 (8th Cir. 2020).

Drs. John Alden and James Weiss issued their opinions on December 6, 2021, and May 31, 2022, respectively. (AR 120-37). Drs. Alden and Weiss found that Mr. Lopez was capable of a light RFC and standing and/or walking for about six hours in an eight-hour workday. (*Id.* 125, 135). The ALJ found their opinions persuasive. (*Id.* 29). However, Dr. Alden and Dr. Weiss issued

their opinions more than a year and a half prior to the ALJ's decision, which was issued on September 29, 2023. (*Id.* 13-36). After Drs. Alden and Weiss issued their decisions, numerous medical records indicated a worsening of Mr. Lopez's back impairment. These records include medical treatment by neurological and orthopedic specialists and prescription medications including Cymbalta, topical lidocaine, Mobic, cyclobenzaprine, and Medrol dose pack. (*Id.* 950, 957, 968, 983, 988, 1019). Additionally, Mr. Lopez visited the emergency room in September 2022 for chronic lower back pain, where he was treated with Norflex, Toradol, and tramadol. (*Id.* 957). Mr. Lopez was also approved for personal care services for over two hours a day, four days a week. (*Id.* 101, 867, 869). Mr. Lopez underwent a lumbar spine fusion surgery in November 2022, after which he felt "ok for about a month" before his back and leg pain returned. (*Id.* 1014, 1017-19, 1035); s*ee* 20 C.F.R. §§ 404.1527(c)(6), 416.927(c)(6) (ALJ will consider "the extent to which a medical source is familiar with the other information in [the claimant's] case record"); *Mayo ex rel. D.L. v. Astrue*, 4:11CV201 LMB, 2012 WL 996580 at *15 (E.D. Mo. Mar. 22, 2012) (remanding, in part, because the medical evidence supporting the ALJ's finding was over a year old and submitted by disability consultants who did not have the benefit of the majority of the records before them).

While Drs. Alden and Weiss's opinions may have been supported by the record at the time they reviewed it, the ALJ was required to determine Mr. Lopez's functional ability to perform work-related activities as of the date of the hearing. *See Ballew v. Kijakazi*, No. 4:20 CV 765 CDP, 2021 WL 4061067 at *6 (E.D. Mo. Sept. 7, 2021) ("Because an ALJ must determine a claimant's abilities as they exist at the time of the hearing, she cannot rely on remote evidence to determine a claimant's abilities."). Because the ALJ supported Mr. Lopez's RFC with the opinions of Drs. Alden and Weiss, which predate Mr. Lopez's relevant medical records, the RFC is not supported

by substantial evidence. *See Frank v. Shalala,* 47 F.3d 935, 939 (8th Cir. 1995); *see also Thurman v. Berryhill*, No. 4:17-00946-CV-RK, 2019 WL 1092576, at *3 (W.D. Mo. Mar. 8, 2019) (holding a doctor's opinions did not constitute substantial evidence because he formed the opinion with only a small portion of the record and later evaluations indicated a more restrictive functional ability).

**B. The ALJ failed to properly evaluate Mr. Lopez's subjective complaints.**

Mr. Lopez argues that the ALJ failed to identify actual inconsistencies in the record when discounting his subjective reports. (Doc. 8 at 12-16). The Acting Commissioner argues that substantial evidence supports the ALJ's evaluation of Mr. Lopez's subjective complaints. (Doc. 12 at 11-16). The Court finds that the ALJ failed to properly evaluate Mr. Lopez's subjective reports.

Social Security Ruling 16-3p mandates that the ALJ's "decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." 2017 WL 5180304, at *10 (Oct. 25, 2017). The Court defers to the "ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th. Cir. 2005). However, the ALJ errs when he finds the claimant's subjective complaints inconsistent with the record but fails to support this assertion with substantial evidence from the record. *See Stauffer v. Kijakazi*, No. 20-04121-CV-C-WBG, 2022 WL 636719, at *3–4 (W.D. Mo. Mar. 4, 2022) (citing *Koch v. Kijakazi*, 4 F.4th 656, 664–65 (8th Cir. 2021)).

The ALJ found inconsistencies in Mr. Lopez's treatment history. (AR 27). The ALJ stated that after Mr. Lopez's spinal fusion surgery in November 2022, "his pain improved" and "[his]

improvement is not consistent with the severity of the allegations or testimony of continued worsening pain and symptoms." (*Id.* 28). To support her conclusion, the ALJ referenced a February 2023 treatment note where Mr. Lopez stated his pain after his spinal surgery was not "as bad as it was before surgery." (*Id.* 973). However, the ALJ's statement regarding Mr. Lopez's improvement after his spinal surgery is neither consistent with nor supported by the evidence. A close reading of the February 2023 treatment note reflects that Mr. Lopez was "still in a lot of pain" and was still experiencing gait issues, weakness, numbness, and a diminished range of motion. (*Id.* 974). By April 2023, Mr. Lopez reported that his back and leg pain had returned to an "8/10," and he presented with tenderness, positive straight leg raise, abnormal gait, and reduced strength in his lower extremities. (*Id.* 1014, 1017-19). Additionally, Mr. Lopez reported that while a recent steroid injection helped alleviate symptoms for "three or four days," they returned to their original severity. (*Id.* 1014). During the hearing, Mr. Lopez testified that he is not "getting better" with his steroid injections. (*Id.* 103-04). Accordingly, the ALJ's finding that Mr. Lopez's improvement post-surgery was inconsistent with his subjective reports is not supported by substantial evidence. *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th. Cir. 2021) ("[W]hile the ALJ may disbelieve subjective testimony of pain if inconsistencies exist in the evidence as a whole, the ALJ may not disbelieve the claim by ignoring medical evidence.").

The ALJ also found Mr. Lopez's clinical presentation "inconsistent with the severity of the allegations." (AR 28). While the ALJ recognized that Mr. Lopez described pain as his most significant limiting factor in walking or standing, she concluded that "the clinical observations, including physical therapy notes, suggest that [Mr. Lopez] is able to ambulate with poor body mechanics." (*Id.* 28). Medical records reflect that Mr. Lopez does struggle with an abnormal gait, lower extremity pain, numbness, and weakness. (*Id.* at 974, 990, 1018). However, the ALJ's

conclusion that his clinical presentation is inconsistent with his alleged pain is not supported by the record. For example, the ALJ supported her conclusion with Mr. Lopez's report that "he does a lot of walking." (*Id.* 672). However, that record also reflects that two months prior, Mr. Lopez stated that he had been unable to work for two years because of his back and leg pain and experienced spasms in his back and legs. (*Id.*). Additionally, the ALJ wholly failed to discuss Mr. Lopez's testimony at the hearing that he can only walk in his yard and living room, requires a walker and/or walking stick to walk, and can only stand for "one or two minutes" at a time before becoming dizzy and his legs, muscles, and tendons become weak. (*Id.* 105). Contrary to the ALJ's findings, the record is not inconsistent with Mr. Lopez's subjective complaints. Rather, the evidence corroborates his reports as to how his pain affects his ability to function. *See Stauffer*, 2022 WL 636719, at *3-4*; *Koch*, 4 F.4th at 664 (8th Cir. 2021) ("[A]n ALJ may not discount a claimant's subjective reports solely because the objective medical evidence does not fully support them").

The Court finds that the ALJ erred in determining that Mr. Lopez's subjective complaints regarding his back and leg impairments were inconsistent with his treatment history and clinical presentation. Thus, remand is warranted. *See Koch* 4 F.4th at 664-65 (8th Cir. 2021) (finding the ALJ's determination that the plaintiff's subjective complaints were inconsistent with the record was in error because the determination was not supported by substantial evidence on the record as a whole).

### V. Conclusion

For the reasons set forth herein, the Court finds the Commissioner's determination that Mr. Lopez was not disabled is not supported by substantial evidence in the record. The decision is

reversed and remanded for further consideration and development of the record.[2] Judgment shall be entered in accordance with this Order.

Accordingly,

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and remanded for further consideration and development of the record, as set forth herein.

Dated this 7th day of February 2025, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*
Willie J. Epps, Jr.
Chief United States Magistrate Judge

---

[2] If the Commissioner's decision is reversed, the case should ordinarily be remanded for further proceedings "out of our abundant deference to the ALJ." *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (quotation omitted). An immediate finding of disability is warranted only "if the record overwhelmingly supports such a finding." *Id.* (citation and quotation omitted).